**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-645**

---

In Re:  WILLIE HORTON,

Petitioner.

---

On Petition for Writ of Mandamus.
(CR-89-180, CA-93-439-AM)

---

Submitted:  June 10, 1997          Decided:  July 30, 1997

---

Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Willie Horton, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willie Horton filed a mandamus petition in this court alleging undue delay by the district court on his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), motion to vacate sentence. Apparently, the district court ordered in January 1995 that counsel be appointed and an evidentiary hearing be conducted, but until the filing of this mandamus petition in November 1996, no other action occurred. Because of the nature of the action pending before the district court, this court directed a response to Horton's petition. A response was filed;[1] thus, this matter is ripe for adjudication.

Unfortunately, the district court failed to act on Horton's § 2255 motion after the January 1995 order because the case file was lost in the clerk's office. While the Respondent admits that Horton's § 2255 motion was delayed, she contends that granting the petition for a writ of mandamus is unnecessary because of recent action taken by the district court. We agree.

Mandamus is a drastic remedy and should only be granted in extraordinary situations.[2] Horton must demonstrate that he has no other avenue for relief, and that his right to relief is clear and undisputable.[3] In this case, Horton fails to meet his burden because the district court recently reordered that counsel be appointed forthwith and that a magistrate judge hold an evidentiary

---

[1] See FED. R. APP. P. 21.

[2] See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).

[3] See Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989).

2

hearing. The actions of the district court demonstrate that Horton has other avenues of relief available. Therefore, granting the petition for mandamus would be inappropriate as the district court's recent order accomplishes substantially everything that this court would have directed.

Accordingly, we deny Horton's petition for a writ of mandamus without prejudice. If Horton encounters additional, significant delay he may apply again for mandamus relief. Additionally, we deny Horton's motions for the appointment of counsel and to be moved from the federal prison in Marion, Illinois, to a federal prison within the District of Maryland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3